# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **MOHAMED A. SEIF, Ph.D.,**  )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.: 5:15-CV-02374-MHH** |
| ) | |
| **THE BOARD OF TRUSTEES** ) | **JURY TRIAL DEMANDED** |
| **OF ALABAMA AGRICULTURAL** ) | |
| **& MECHANICAL UNIVERSITY,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Dr. Mohamed A. Seif, by and through his attorneys of record, and respectfully moves this Honorable Court for leave to amend his Complaint pursuant to Rule 15(a)(2) and in response to the Motion for Partial Dismissal presently on file (Doc. 12). As grounds for this motion, the Plaintiff states as follows:

1. On December 31, 2015, the complaint commencing this action was filed. (Doc. 1). In said complaint, Plaintiff brought claims against Alabama A & M University and the Board of Trustees of Alabama Agricultural and Mechanical University ("Defendant Board") under Title VII and claims against the individual Defendants, Dr. Andrew Hugine, Jr., and Dr. Daniel K. Wims, in their individual and

official capacities under 42 U.S.C. § 1981, via 42 U.S.C. § 1983, and against Dr. Andrew Hugine, Jr, Dr. Daniel K. Wims, and Cassandra Tarver-Ross, in their individual and official capacities for violation of his constitutional procedural due process rights.

2. All Defendants then brought a Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Doc. 12).

3. Defendants have filed a motion to dismiss as to two of the claims in the Complaint. They have stated in a footnote that the Title VII claim should be brought against Defendant The Board of Trustees of Alabama A & M only. Otherwise, they do not contest the Title VII claim in their Motion to Dismiss (Count I).[1] Thus, Defendants' Motion to Dismiss is as to two of the claims in the Complaint only, 42 U.S.C. § 1981 (Count II) and procedural due process claim (Doc. 12) (Count III). Specifically, they raise the following grounds for their motion: (1) that Plaintiff's claims against the Board in Counts Two and Three are barred by Eleventh Amendment Immunity; (2) that Defendants Wims and Tarver-Ross are not proper parties Defendant under Counts Two and Three; (3) that Plaintiff has failed to state *prima facie* case of discrimination under § 1981; (4) that Plaintiff has failed to state a claim of discrimination under § 1981 as it is due exclusively to national origin; and

---

[1] Thus, their Motion should more properly be designated as a Partial Motion to Dismiss.

(5) that Plaintiff has failed to state a claim under § 1983 for violation of procedural due process.

5. Plaintiff is seeking to amend to address the several of the points raised in the Motion to Dismiss,[2] and to provide clarity to the pleading.

6. Specifically, Plaintiff's proposed Amended Complaint contains the following amendments:

(a) the Title VII claim is being brought against The Board of Trustees of Alabama A & M only;

(b) the prayers for relief against the individual defendants in their official capacities have been amended to designate that Plaintiff is seeking prospective relief only in the form of an upward salary adjustment and future payment, and to make crystal clear that as to the individual defendants in their official capacities, that Plaintiff is not seeking retrospective or monetary relief, other than what accompanies future injunctive relief;

(c) to more specifically allege in Paragraphs 34 and 35 of the First Amended Complaint a claim of race discrimination under 42 U.S.C. § 1981 and to name the comparators, thus meeting the challenges to the alleged failure to state a

---

[2]The arguments on the issue of whether Wims and Tarver-Ross can provide equitable relief is set forth in the Plaintiff's Response in Opposition to Motion to Dismiss.

claim and lack of *prima facie* case as alleged in the Defendants' Motion to Dismiss on this claim;

        (d) to more specifically allege a constitutional procedural due process claim, as set forth in Paragraph 40 of the proposed First Amended Complaint; and

        (e) to clarify that Plaintiff is not seeking a declaratory judgment as to the individual defendants in their official capacities, but instead injunctive relief, *i.e.*, a prospective upward salary adjustment to be at the level of the named comparators.

7.    A copy of Plaintiff's proposed First Amended Complaint is attached hereto as Exhibit A.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests, pursuant to R. 15(a)(2), Fed. R. Civ. P., that this Honorable Court grant leave for Plaintiff to amend as set forth herein and file the attached First Amended Complaint.

        **Respectfully submitted,**

        **/s/ Donna S. Cude**
        **Donna S. Cude**
        **Alabama Bar No. ASB-7680-W18A**
        **John D. Saxon**
        **Alabama Bar No. ASB-3258-O71J**
        **Attorneys for Plaintiff**

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
**2119 3rd Avenue North**
**Birmingham, Alabama 35203**
**Telephone:  205.324.0223**
**Facsimile:   205.323.1583**
**Email:** jsaxon@saxonattorneys.com
dcude@saxonattorneys.com


**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2016, I have served a copy of the above Motion for Leave to Amend on the following by U.S. mail and by electronically filing the same with the CM/ECF system:

Roderic G. Steakley, Esq.
**SIROTE & PERMUTT, P.C.**
305 Church Street, Suite 800
Huntsville, Alabama 35804
rsteakley@sirote.com
fcorley@sirote.com


Angela Redmond Debro
**ALABAMA A & M UNIVERSITY**
P O Box 315
Normal, Alabama 35762
angela.debro@aamu.edu

5

William R. Lunsford, Esq.
Matthew Reeves, Esq.
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street
Huntsville, Alabama 35801
blunsford@maynardcooper.com

**DONE** this the 10th day of May, 2016.

/s/ **Donna S. Cude**
**OF COUNSEL**