FILED
2016 May-11  PM 12:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| Mohamed A. Seif, Ph.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:15-cv-02374-MHH |
| | ) |
| THE BOARD OF TRUSTEES | ) JURY TRIAL DEMANDED |
| OF ALABAMA AGRICULTURAL | ) |
| & MECHANICAL UNIVERSITY, | ) |
| DR. DANIEL K. WIMS, Provost and | ) |
| Vice President for Academic Affairs, | ) |
| in his official and individual capacities; | ) |
| DR. ANDREW HUGINE, JR., | ) |
| President of Alabama A & M | ) |
| University and Chief Executive | ) |
| Officer of the Board of Trustees, | ) |
| in his official and individual | ) |
| capacities; and CASSANDRA | ) |
| TARVER-ROSS, Director of Human | ) |
| Resources for Alabama A & M | ) |
| University, in her official and individual | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Mohamed A. Seif, Ph.D., by and through his attorneys of record, and files this his First Amended Complaint against Defendants, The Board of Trustees of Alabama Agricultural & Mechanical University, and against Defendants Dr. Daniel Wims, Provost and Vice President for Academic Affairs, Dr. Andrew Hugine, Jr., President of the University and Chief Executive Officer of the Board of Trustees, and Cassandra Tarver-Ross, Director of Human Resources for the University, in their official and individual capacities, and states as follows:

## STATEMENT OF THE CASE

1. This is a lawsuit brought by the Plaintiff, Mohamed A. Seif, Ph.D., who has been affected by the claims alleged below, seeking permanent relief from unlawful discriminatory practices involving compensation, and other terms and conditions of employment by failing to remedy systemic employment discrimination based on ethnicity and national origin. The actions of Defendants alleged herein violate Title VII of the Civil Rights Act of 1964 on the basis of race, ethnicity, ancestry and national origin discrimination and retaliation, and the actions of Dr. Andrew Hugine, and Dr. Daniel K. Wims, in their official and individual capacities, (hereinafter Defendants Hugine and Wims") are violative of 42 U.S.C. § 1981 ("§ 1981"), by and through 42 U.S.C. § 1983 ("§ 1983"), on the basis of race, ethnicity, ancestry, and national origin discrimination. In addition, the actions of Defendants Hugine and

2

Wims were done under color of law at the time of their actions alleged herein which deprived Plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, namely, 42 U.S.C. § 1981, and the actions of Defendants Hugine, Wims and Tarver-Ross were done under color of law which actions of denying Plaintiff a hearing to which he was entitled violated the due process clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. Amend. XIV, § 1, as well as the Alabama Constitution, Ala. Cons. 1901, Art. I, § 6, and such due process violation is being pursued via §1983.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-20143-03001, on September 8, 2014. [Attached hereto as Exhibit "A".] Plaintiff timely filed this action within ninety (90) days of receipt of his Notice of Right to Sue from the Equal Employment Opportunity Commission, dated October 5, 2015, but not received by Plaintiff until October 7, 2015. [Attached hereto as Exhibit "B".]

4. The entity Defendant is located and/or doing business within this judicial

district and division, and this action is brought in the judicial district wherein the unlawful employment practices that form the basis of this Complaint were committed, making venue proper under 28 U.S.C. § 1391.

## **PARTIES**

5.     Plaintiff, Dr. Mohamed A. Seif ("Seif" or "Plaintiff"), is an adult male resident of the state of Alabama and this judicial district, and whose country of origin is Egypt, and whose ethnicity and ancestry is Egyptian. Dr. Seif was employed by the Defendant University at all times material herein.

6.     Defendant, the Board of Trustees of Alabama Agricultural and Mechanical University is hereinafter referred to as "the Board," "the Board of Trustees, and/or "the University" or "Defendant University." The Board of Trustees is comprised of officials who are separately named Defendants in this action and who are responsible for policy and governance of Alabama Agricultural and Mechanical University. The members of the Board of Trustees collectively constitute the employer of the Plaintiff within the meaning of Title VII and 42 U.S.C. § 1981.

7.     Plaintiff has also named as Defendants Dr. Andrew Hugine, Jr., President of the University and Chief Executive Officer of the Board of Trustees of the University, Dr. Daniel K. Wims, Provost and Vice President for Academic Affairs, and Cassandra Tarver-Ross, Director of Human Resources for the University, all in

their official and individual capacities.

## STATEMENT OF FACTS

8. Plaintiff, Dr. Mohamed A. Seif, is a male whose ethnicity and ancestry derives from his country of origin, Egypt.

9. Plaintiff is a tenured Professor of Mechanical and Civil Engineering who has been employed by Alabama A & M University since 2002. He became tenured in 2006. In 2007, he became the acting Chair of the Mechanical Engineering Department. After a national search, in 2008, Plaintiff was selected to be the Chair of the Mechanical Engineering Department.

10. At the time that he was placed in charge of the Mechanical Engineering Department there were virtually no laboratory facilities. Under his leadership, there are now six laboratories, all well-equipped and in excellent condition.

11. In 2011, his responsibilities were significantly expanded when the Civil Engineering Department was added to his responsibilities, at which time he became the Chair of both departments.

12. During the years of his leadership since 2007, he has worked diligently to address all of the accreditation requirements of the Civil and Mechanical Engineering Departments to a point where for the first time in the history of the University, in 2013, the two programs achieved the maximum of six (6) years

accreditation.

13. As a result of his dedication and continuous effort, the enrollment in the mechanical engineering ("ME") program has steadily increased each year, beginning with 2007 in which the enrollment was 121 students until the current time, when the number enrolled has reached 280. The enrollment and trajectory of enrollment increase in the ME engineering program is far better than that of the other engineering departments (electrical ["EE"] and physics). In fact, the number in the EE department has been **steadily decreasing** since 2010, and the number in the physics department has also eroded.

14. Plaintiff's pre-eminent leadership skills are evidenced by the fact that he has been assigned the leadership of a third department, that of Construction Management, in addition to continuing his Chair responsibility over the Mechanical and Civil Engineering Departments.

15. Plaintiff's other accomplishments since first becoming Chair in 2008 include many instances of curriculum enhancement including the development of new courses, labs and innovative programs, as well as participation in numerous high level scholarly activities, not to mention the authorship of publications in prestigious and high quality journals, as well as obtaining certifications and providing mentorship programs for students. As part of his accomplishment in his student mentoring

activities was his leadership of a team of Alabama A & M students in a 2013 national NASA rocket building competition that resulted in Alabama A & M receiving, (for the first time in its history) first place out of nearly 40 universities. In addition, during the course of his career, Plaintiff has secured 27 research grants resulting in funding totaling well more than three million dollars.

16. Plaintiff's base salary as Chair is substantially lower than the base salary of the other two Chairs within the College of Engineering. The individuals who hold the other two Chairs are Dr. Manmohan Aggarwal, Chair of Physics, Math and Chemistry, national origin and ethnicity Indian, and Dr. Kavey Heidary, Chair of Electrical Engineering and Computer Science, national origin and ethnicity Iranian. Plaintiff's certifications, licensure, number of theses supervised, number of undergraduate projects supervised, mentoring activities, and scholarly activities greatly exceed those of his comparators.

17. In 2008, Plaintiff was promised by Interim Provost, Dr. Juarine Stewart, that upon the University's receipt of the ABET accreditation for the Mechanical Engineering Department, that she would recommend Plaintiff for a salary increase in his base salary to bring him in line with the other Department Chairs that existed at that time within the School of Engineering.

18. In November of 2012, Plaintiff made a request for a base salary

adjustment to the Dean of Engineering, Dr. Chance Glenn, African-American, based on the lack of equal pay in the base salary between Plaintiff and his comparators. Dr. Glenn advised Plaintiff to delay the request until the University received the official ABET accreditation results for the Mechanical Engineering program. Dr. Glenn stated to Plaintiff that his strongest argument for a salary adjustment was the lack of equal pay between Plaintiff and his comparators.

19.     The official ABET Accreditation was achieved which was in large part due to Plaintiff's diligent efforts to address all of the prior accreditation weaknesses and deficiencies.

20.     In November of 2013, both Dr. Chance Glenn and Dr. Juarine Stewart recommended Plaintiff for a salary increase.

21.     In December of 2013, Plaintiff received a response to their request from Provost Dr. Daniel K. Wims, African-American, denying the salary increase, claiming that he was waiting on the results of a system-wide study before he could decide upon any salary increases.

22.     On December 9, 2013, Plaintiff filed an internal complaint and grievance on the basis of the lack of equal pay. On February 17, 2014, the Office of Human Resources advised Plaintiff that the Faculty Grievance Screening Committee had voted unanimously that the grievance was grievable and thereafter, on February 26,

2014, Plaintiff received a letter from Cassandra Tarver-Ross, Director of Human Resources, listing the members of the Grievance Hearing Committee and specifying the next steps in the process. On February 27, 2014, another letter was mailed to Plaintiff from Ms. Tarver-Ross, contradicting the prior letter and, despite the existence of the vote of the Screening Committee which had conferred grievance status to Plaintiff's complaint, she advised him that the matter was not grievable, dismissing the grievance.

23. On April 4, 2014, President Andrew Hugine, Jr., African-American, was informed by letter from a representative of Plaintiff that Plaintiff would be appealing this determination, advising of the previous representations to Plaintiff that his salary would and should be adjusted, pointing out the fact that he was not being compensated at the level of other similarly situated chairpersons, and demanding that his base salary be brought to that level.

24. Dr. Hugine did not respond to that letter, and Plaintiff is continuing to be paid at a substantially lesser rate than similarly situated employees who are not of Egyptian national origin.

25. In addition, other employees who are not even full professors, who are not department chairs and who are of a different national origin than Plaintiff were being

9

paid substantially more than Plaintiff. Those persons are Dr. Stephen Egarievwe, Associate Professor, African-American, and Dr. Phillip Bording, Associate Professor, Caucasian.

## COUNT ONE
## TITLE VII - DISCRIMINATION  (DEFENDANT BOARD OF TRUSTEES OF ALABAMA A & M UNIVERSITY)

26. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

27. In taking the actions outlined in ¶¶ 8 to 25 herein and in Exhibit A hereto, which is incorporated herein by reference, Defendant The Board of Trustees of Alabama A & M University intentionally discriminated against Plaintiff on the basis of his race, ethnicity, ancestry and national origin in violation of Title VII. Egyptian employees and those not of Egyptian origin are not treated similarly.

28. Specifically, as set forth above, Dr. Aggarwal, of Indian national origin, and Dr. Heidary, of Iranian national origin, are each paid a salary far more than Plaintiff, who is of Egyptian national origin.

29. In addition, other professors not of Egyptian national origin and with far less experience and far less credentials than Plaintiff are paid a much higher salary than Plaintiff. Specifically, such persons who were hired and paid far more than Plaintiff are Dr. Stephen Egarievwe, Associate Professor, African-American, and Dr.

Phillip Bording, Associate Professor, American.

30. Defendant Board of Trustees of Alabama A & M condone and allow national origin-based discrimination. Said Defendant's actions were in violation of Title VII, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

31. As a proximate consequence of the violation of Title VII by said Defendant, Plaintiff has suffered and will continue to suffer damage to his professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

32. Plaintiff has satisfied all administrative prerequisites to bringing this claim. He has filed a charge of discrimination on these actions and received his notice of right to sue.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

    a. Injunctive relief, i.e., judgment that Plaintiff be paid at the salary level of his comparators;

    b. Back pay;

    c Pre-judgment interest;

  e.  Attorneys' fees;

  f.  Costs;

  g.  Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress; and

  h.  Such other legal or equitable relief, including injunctive relief, to which Plaintiff may be entitled.

## COUNT TWO
## RACE, ETHNIC, and ANCESTRY DISCRIMINATION
## (DEFENDANTS HUGINE AND WIMS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES
## (42 U.S.C. § 1981 via § 1983)

33. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

34. In failing to pay him the salary of his comparators, but instead paying a higher salary to less-skilled, less-accomplished and less-credentialed professors who are not of the Arabic race, the individual Defendants Hugine and Wims intentionally and willfully discriminated against Plaintiff due to his Arabic race, ethnicity and ancestry, in violation of § 1981, via 42 U.S.C. § 1983. Said actions of said Defendants were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

35. Further, by their actions in denying Plaintiff the salary to which he is

entitled, Defendants Hugine and Wims, in their individual and official capacities, have discriminated against Plaintiff based on his race, ethnicity and ancestry, Arabic. Professors of non-Arabic race, specifically, specifically Associate Professor Dr. Stephen Egarievwe, African race, and Associate Professor, Dr. Phillip Bording, Caucasian race, have not been denied such pay to which they were entitled.

36. As a proximate consequence of the violations of § 1981, via 42 U.S.C. § 1983, by said individual Defendants, Plaintiff will continue to suffer damage to his professional life and future career opportunities, future pecuniary losses, costs, attorneys' fees, and, as to the individual defendants in their individual capacities, Plaintiff has suffered retrospective and future pecuniary and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

    a. Injunctive relief, i.e., a prospective upward salary adjustment to be at the level of the named comparators in this Count who are not of the Arabic race;

    b. Attorneys' fees;

    c. Costs;

    d. Such other legal or equitable relief, including such other injunctive relief, as may be appropriate to effectuate the purposes

of § 1981, via 42 U.S.C. § 1983, or to which he may be entitled;

e.  As to the individual Defendants only and only in their individual capacities, back pay, compensatory and punitive damages.

## COUNT THREE
## DENIAL OF 14TH AMENDMENT DUE PROCESS
## (VIA 42 U.S.C. § 1983)
## (ALL INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

37.  Plaintiff adopts and re-alleges each and every allegation in the Complaint as if set out anew herein.

38.  Defendants Hugine, Wims and Tarver-Ross did not follow the University policies with respect to processing the Plaintiff's grievance.

39.  Specifically, pursuant to the policies of Alabama A & M, the Faculty Screening Grievance Committee voted that Plaintiff's grievance was grievable, yet Defendant Cassandra Tarver-Ross denied Plaintiff a hearing. Upon information and belief, the other individual Defendants, Hugine and Wims, also participated in the decision to deny Plaintiff a hearing.

40.  Plaintiff maintained a property right in the grievance and grievance process inasmuch as he is a tenured professor who had and continues to have a legitimate expectation, as part of his tenure status with the institution, that the Board will follow its policies with respect to their treatment of him. In other words, the

policies of the University are expressly or impliedly a part of his contract with the Board.

40. Said Defendants' aforementioned conduct violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, U.S. Cons. Amend. XIV § 1, and the guaranty of due process contained in the Alabama Constitution, Ala. Const. 1901, Art. 1, § 6, by denying Plaintiff a property right without providing due process of law in the following ways:

> i. Said Defendants' failure to provide a hearing pursuant to the vote of the Faculty Screening Grievance Committee constitutes a failure to provide due process and is an express violation of the clear requirements of the policies of the University;
>
> ii. Said Defendants' treatment of Plaintiff in this regard was arbitrary, capricious, willful, malicious and in bad faith.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff respectfully requests this Court to award the following relief:

(a) That, as to the individual defendants in their individual capacities, Plaintiff immediately be provided with the remedy which he sought in his grievance, the dollar amounts of which are readily reducible to specific numbers, the payment of which is a ministerial function;

(b) That, as to the individual defendants in their official capacities only, a prospective salary adjustment which is a ministerial function to calculate and to provide on a prospective basis;

(c) That, as to the individual Defendants in their individual capacities only, Plaintiff be awarded general compensatory damages in an amount to be proven at trial;

(d) That the individual Defendants pay all costs incurred, including reasonable attorneys' fees; and

(e) That Plaintiff be given any and all other relief, both at law and in equity, via 42 U.S.C. § 1983, or to which he may otherwise be reasonably entitled, with relief as against the individual defendants in their official capacities, on a prospective basis only.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

                                      **Respectfully submitted,**

                                      /s/ Donna S. Cude
                                      John D. Saxon
                                      Alabama Bar No. ASB-3258-071J
                                      Donna S. Cude
                                      Alabama Bar No. ASB-7680-W18A
                                      Attorneys for Plaintiff


**OF COUNSEL:**

JOHN D. SAXON, P.C.
2119 3rd Avenue North
Birmingham, AL 35203
Tel:   (205) 324-0223
Fax:  (205) 323-1583
Email:     jsaxon@saxonattorneys.com
              dcude@saxonattorneys.com


## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the above Plaintiff's First Amended Complaint on the following counsel of record by U.S. mail and by electronically filing the same with the CM/ECF system:

                         Roderic G. Steakley, Esq.
                         **SIROTE & PERMUTT, P.C.**
                         305 Church Street, Suite 800
                         Huntsville, Alabama 35804

rsteakley@sirote.com
fcorley@sirote.com

Angela Redmond Debro, Esq.
**ALABAMA A & M UNIVERSITY**
P O Box 315
Normal, Alabama 35762
angela.debro@aamu.edu

William R. Lunsford, Esq.
Matthew B. Reeves, Esq.
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, Alabama 35801
blunsford@maynardcooper.com
mreeves@maynardcooper.com

**DONE** this the 11th day of May, 2016.

                                              /s/ Donna S. Cude
                                                  OF COUNSEL